*408 INTRODUCTION
This Court must determine whether the appellant failed to timely file an administrative appeal with the Trial Court. The underlying administrative agency action did not fulfill the intended objective of a remand from this Court. The administrative agency must rectify the deficiency by convening an inclusive hearing, and, therefore, the appellant’s administrative appeal does not fall victim to a statute of limitation defense.
APPELLATE HISTORY
On August 22, 2011, the appellant, Daniel Topping, by and through Attorney James C. Ritland, filed a timely Notice of Appeal of the Trial Court’s final decision. See HCNRApp, P. 7(b)(1), 11(a), available at http://www.ho-chunknation.com/7Page Id=123. This Court issued a Scheduling Order on September 8, 2011, in which it accepted the appeal and established briefing deadlines. Id., Rule 12. The appellant filed his brief in support of appeal on September 21, 2011, and this Court issued a decision three (3) days thereafter scheduling oral argument. Id., Rule 15(a). The Ho-Chunk Nation Grievance Review Board (hereinafter Board or GRB), by and through Attorney William F. Gardner, filed a responsive brief on October 20, 2011, followed by the responsive brief of the appellees, by and through Attorney Heidi A. Drobnick, the next day.
Prior to the scheduled oral argument, the appellant sought a continuance via an informal October 21, 2011 correspondence, which the Court denied on October 27, 2011.[1] The Court, however, noted that it would reconsider the matter, provided that the appellant properly present the request. Consequently, the appellant filed a motion on October 28, 2011, accompanied by an affidavit and supporting documentation. The Court then granted the continuance on October 28, 2011. The Court convened oral argument on December 17, 2011, at 11:00 a.m. CST.
FACTUAL BACKGROUND
This Court issued a final opinion on July 1, 2010, within a previous incarnation of this case, wherein it directly remanded the matter to the Board for reconsideration. Decision, SU 09-08 (HCN S.Ct., July 1, 2010) at 9. On September 20, 2010, the Board proceeded to hold a meeting at which it considered physician testimony. The Board excluded participation of the appellant, and subsequently declined to reopen the administrative grievance. Order (Granting Mot. to Dismiss), CV 10-107 (HCN Tr. Ct„ June 22, 2011) at 2 (citing Summ. of Discussion, 062.08T (GRB, Sept. 27, 2010) at 4). The appellant sough! reconsideration of the September 27, 2010 decision from the Board within five (5) days after the Board mailed the document to him. Id.
On previous unrelated occasions, the Board has entertained reconsideration requests, and the practice is reflected in an *409 internal directive.[2] Id. at 7. Yet, the Board afforded no such opportunity in the instant matter, resulting in a rejection of the appellant’s October 27, 2010 request.[3] The Board noted that the appellant would receive a formal denial, but no such decision was forthcoming.[4] Id. at 2.
The appellant filed his administrative appeal on November 30, 2010, due to non-receipt of the further promised decision. The Board reacted by requesting a dismissal of the case since the appellant purportedly “filed his Petition for Administrative Appeal after the thirty (30) calendar day deadline.” Bd. Mot. to Dismiss Pet. for Admin. Review & Mem. in Supp., CV 10-107 (Mar. 17, 2011) at 7 (citing ERA, 6 HOC § 5.35(c)(1); HCN R. Civ. P. 63(A)(1)(a)). The appellees later joined the Board’s request, and additionally argued deficient service of the appeal. Reply Hr. to Bd. Mot. to Dismiss, CV 10-107 (Apr. 18, 2011). The Trial Court ultimately denied the appeal on the former basis, surmising that the appellant “had thirty (30) days from October 22, 2010, to file the Petition for Administrative Review.”[5] Order (Granting Mot. to Dismiss) at 6. Regarding the appellant’s attempt to seek reconsideration, the Court simply asserted that the Board “has no statutory authority to hear motions for reconsideration,” despite acknowledging that the Board “has previously allowed motions for reconsideration.” Id.
DECISION
This Court possesses the constitutional authority “to interpret and apply the ... laws of the Ho-Chunk Nation,” and may render binding “conclusions of law.” HCN Const., art. VII, §§ 4, 7(a), available at http://www.ho-ehunknation.com/7Page Id=294; see also Jacob LoneTree et al. v. Robert Funmaker et al., SU 00-16 (HCN S.Ct., Mar. 16, 2001) at 3-4 (confirming precedential status of appellate decisions). The Court discharged these solemn duties when it pronounced its earlier decision. The Court anticipated that the parties would not merely adhere to express judicial directives, but also abide by the clear intent of the opinion.
The Court roundly criticized the GRB for its fundamental failure to “ma[ke] an effort to understand [the appellant’s] bipolar disorder,” which could have been accomplished by conferring with the appellant’s physicians. Decision at 2-3. Throughout the opinion, the Court stressed the necessity of understanding and appreciating the individual’s disability. Id. at 6-9. “The GRB admitted that they did not understand Mr. Topping’s disorder, but they terminated him nonetheless without seeking to understand his problem.” Id. at 8 (emphasis added). The Court never meant to convey that a general understanding of bipolar disorder, completely detached from a personal context, would suffice in an administrative review *410 of discipline meted out against an individual. The Board cannot reasonably suggest that bipolar disorder, or any other type of disability, manifests itself in an identical fashion across the population.
At a minimum, the affected individual must have an opportunity to participate when considering the impact of his or her disability upon employment. The Court never contemplated that the Board would reconsider the present matter in a vacuum. The Court explained, in general, as follows: “If [a} termination is appealed to the GRB, the GRB has a duty to summon a physician to the hearing to discuss the disabled person’s condition.” Id. at 9 (emphasis added). In particular, the Court “remanded to the GRB for them to reconsider taking his disability into consideration in consultation with a licensed physician.” Id. (emphasis added). The appellant’s involvement in the hearing on remand proved crucial. Otherwise, the Board could only receive a partial, and perhaps compromised, picture of the appellant’s disability.
Moreover, the Court could not foresee the Board’s decision to proceed on remand outside of a hearing structure. The Board performs its official function within adjudicative hearings. The enabling statute does not explicitly denote any other manner of proceeding, apart from private deliberative sessions held immediately after the conclusion of a hearing. ERA, 6 HCC § 5.34, available at http://www.ho-chunknation. com/?PageId=959.
The Court, therefore, finds the above argument regarding the lack of a statutory underpinning to support agency reconsideration somewhat specious. The Board’s “final” decision derives from a meeting convened outside of the express statutory framework. The Trial Court’s statute of limitation holding, in turn, rests upon the service of this decision. While “[t]he ERA sets out the procedures the GRB must follow throughout the grievance process!,]” this notable departure did not apparently merit scrutiny. Order (Granting Mot. to Dismiss) at 7. Also, ironically, the Board denied the appellant’s reconsideration request despite being reconstituted for the sole purpose of engaging in a reconsideration of its initial decision.
The Court, however, issues this judgment on narrower grounds. The Court envisioned that a hearing would occur on remand, which would include active participation by the appellant. This did not occur, and the Board must rectify the deficiency. Any statute of limitation argument is inapposite since the triggering event did not take place. The Court accordingly remands the matter a second time to the Board with instructions to conduct a hearing at which it shall entertain physician testimony and permit the appellant to engage the experts. The Board shall otherwise perform the hearing in accordance with standing procedures.
REVERSED AND REMANDED
EGI HESKEKJET.

. The intervenor did not note its consent to the request. Order Denying Req. for Continuance. SU 11-05 (HCN S.Ct., Oct. 27, 2011). Regardless, the Court has consistently criticized counselors for engaging in informal motion practice. See, e.g., Rae Anna Garcia v. Joan Greendeer-Lee et al., SU 03-01 (HCN S.Ct., Feb. 7, 2003) n. 1.

. The Board, acting through former Chairperson Jon J.F. Greendeer, related to the appellant that the Grievance Procedure Manual provides, in part, as follows: " 'A request to reconsider the decision or reopen a hearing may be made to the GRB.’ ” Pet. for Admin. Review, CV 10-107 (Nov. 29, 2010), Attach. 2 at 1 (citation omitted in original).

 The Board contended that “[t)he Supreme Court did not provide [the appellant] a right to a new hearing,’’ and, as a result, it would "request] ] the Executive Director of Personnel to deny th[e] request” for reconsideration. Pei. for Admin. Review, Attach 2 at 1-2.

. Specifically, "[wjithin five business days of reviewing th[e] decision,” issued on November 4, 2010, "the Director of Personnel [wa]s to issue a written decision on [the appellant's] request.” Pet. for Admin. Review, Attach. 2 at 2.

. The Board neglected to mail its Summary of Discussion to the appellant until October 22, 2010. Order (Granting Mot. to Dismiss) at 2.